## KOCHMANN v. BAUMEISTER.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. CONTRACT OF EMPLOYMENT—ACTION FOR BREACH.

In an action on a contract for personal services, plaintiff alleged part performance and willingness to perform, claiming that defendant refused to permit him to perform the services contracted for. Defendant alleged her readiness to perform, and that plaintiff had violated the contract by refusing to work unless partially paid in advance. *Held* to present a question of fact for the jury as to which party had refused to perform.

2. SAME—EVIDENCE OF DAMAGES.

Plaintiff alleged that defendant contracted to employ him as a salesman of pianos, and to pay him a commission on each piano sold, and that after he had engaged in the business for part of the stipulated length of time she refused to allow him to continue. *Held*, that testimony by plaintiff as to the number of pianos he would have sold, in his opinion, if he had been allowed to continue under the contract, was incompetent.

Appeal from trial term, New York county.

Action by Reinhard Kochmann against Hattie Baumeister. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

John J. O'Connell, for appellant.
Sol. Kohn, for respondent.

LAUGHLIN, J. The action is brought to recover damages for a breach of contract under which the defendant agreed to employ the plaintiff as a·traveling salesman of pianos for one year from the 1st day of January, 1897. The contract has been construed by this court on an appeal from a judgment dismissing the complaint.

49 App. Div. 369, 63 N. Y. Supp. 503. It was there held that the contract obligated the defendant to permit the plaintiff to travel for at least eight months of the period, and to pay him $7 per day during that time in addition to his commission of $5 on each piano sold. That decision, though made by a divided court, must be regarded as the law of this case, and the question may not be reexamined by us for the purpose of either affirming or overruling it.

On behalf of the plaintiff evidence was introduced tending to show that the defendant violated the contract in refusing to permit the plaintiff to travel for eight months. The plaintiff alleges performance and readiness to perform on his part. The defendant denies these allegations and specifically alleges performance and readiness, and willingness on her part, and avers that the plaintiff has refused and neglected to perform on his part. The defendant, under these allegations, gave evidence tending to show that, instead of her violating the contract, in refusing to permit plaintiff to go upon the road, he violated it by refusing to travel unless she advanced to him $20 a week. The plaintiff denied this, but it presented a question of fact as to which of the parties was guilty of a breach of the contract. The court erroneously ruled that the only question for the jury was one of damages, and likewise erroneously declined defendant's specific request to go to the jury upon the question as to whether she was guilty of a breach of the contract. To these rulings exceptions were taken. Reversible error was also committed in the reception of illegal evidence relating to the question of damages. The plaintiff, after testifying that he sold 65 pianos for the spring trade while on the road for the defendant, and that the spring trade was generally about half the volume of the fall trade, was permitted to answer the question as to what were his prospects for selling pianos in the fall, under defendant's objection and exception that it was incompetent, immaterial, irrelevant, and speculative. He answered that he thought he had brilliant prospects for the fall. He was then asked: "Can you tell with reasonable certainty, from your experience as a salesman of pianos, and from your specific experience while with Miss Baumeister, how much commission you might have been allowed to earn in the fall of that year had you been allowed to travel for the allotted contract period?" Defendant's counsel objected to this question as irrelevant, incompetent, immaterial, and speculative. The objection was overruled, plaintiff excepted, and the defendant answered: "I was figuring on selling about 300 pianos that fall, or even more; but I thought 300, with the start I had made in the spring. I had 35 new customers, and I thought I would sell 300; that at least. Some would put 30 or 40, and others 3 or 4, and I counted on 300 for that season." The defendant then moved to strike this answer out as being speculative, irrelevant, immaterial and incompetent. This motion was denied, and an exception taken. The evidence was clearly incompetent. It was the province of the jury, and not of the plaintiff, to estimate the loss he sustained by being deprived of an opportunity of making commissions on the sales of pianos. The jury were author-

ized to determine that question by the aid of such facts as the plaintiff might be able to show that would tend to indicate the probabilities; but opinion evidence on the subject was incompetent. Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676.

Other incompetent opinion evidence was received upon the trial. The rules of law with reference to the character of evidence admissible in such cases have been so well and fully considered in the Wakeman Case, supra, that it is unnecessary to reiterate them here. Upon the new trial which becomes necessary the other objectionable evidence may be eliminated, and we therefore deem it unnecessary to consider at length the various exceptions to the reception of testimony of this character.

The judgment and order should be reversed, and new trial granted, with costs to appellant to abide the event. All concur.